**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **12-05722-dd**

### ORDER SUSTAINING OBJECTION TO CONFIRMATION AND SETTING VALUE OF COLLATERAL

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/11/2013**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 01/14/2013

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Michelle Beasley Woodward,<br><br>                                    Debtor. | C/A No. 12-05722-dd<br><br>Chapter 13<br><br>**ORDER SUSTAINING OBJECTION TO CONFIRMATION AND SETTING VALUE OF COLLATERAL** |

This matter is before the Court on the objection to confirmation entered by 21st Mortgage Corporation as assignee of Chase Manhattan Mortgage Corporation ("21st Mortgage") on October 12, 2012. 21st Mortgage objects to confirmation of the proposed chapter 13 plan on grounds that the plan does not adequately protect its interest in its collateral, a 1997 Fleetwood Chadwick mobile home, and that its collateral is not properly valued. A confirmation hearing on the proposed plan of the debtor, Michelle Beasley Woodward ("Debtor"), was held on December 17, 2012. After careful consideration, the Court issues the following findings of fact and conclusions of law with respect to 21st Mortgage's objection.

Debtor filed her chapter 13 petition on September 14, 2012. Debtor's Schedule B lists a 1997 Fleetwood Chadwick mobile home valued at $10,550.01. Debtor also indicates that the tax appraisal value is $41,400, that she purchased the mobile home in 1998 for $52,401, and that $10,550.01 is the value according to the National Automobile Dealers Association ("NADA") guide for valuing manufactured housing. Debtor sets forth on Schedule B that the basis for the mobile home's poor condition as reflected in her valuation of it is that 25% of the sub-flooring needs to be replaced, all floor coverings need to be replaced, the roof is deteriorating and needs to be replaced, the air conditioning unit and ventilation needs to be repaired/replaced, and 35%

of the insulation under home needs to be repaired/replaced. Debtor's Schedule D indicates that 21st Mortgage has a claim for $42,872 secured by the mobile home. Debtor's plan and schedules value 21st Mortgage's secured interest in the mobile home at $10,550.01, leaving the remainder of its claim as unsecured. Debtor proposes to pay 21st Mortgage $201 per month along with 5.25% interest until its secured claim of $10,550.01 is paid in full.

21st Mortgage objects asserting the proposed plan does not adequately protect its interest in the mobile home and values the mobile home improperly. The parties through their amended joint statement of dispute and stipulation ("joint stipulation") submit the issue of the value of 21st Mortgage's interest in the mobile home to the Court for resolution. According to the joint stipulation, 21st Mortgage's position is the value of the mobile home is $24,200, and Debtor's position is the value is $12,800. 21st Mortgage's position is based on an appraisal performed by Victor V. Matistic, who testified at the hearing. Debtor's position is also based on an appraisal, but the appraisal was not admitted into evidence at the hearing because the appraiser was not in attendance to provide a foundation for its admittance. The Court mentions it here to explain why Debtor is placing the value at $12,800 in the joint stipulation, which is higher than the $10,550.01 indicated in the schedules and plan.

Debtor testified at the hearing regarding her personal opinion as to the value of the mobile home. She set the value at between $10,550.01 and $12,800. Debtor is not an appraiser and does not have a background in valuing mobile homes. Mr. Matistic testified at the hearing regarding his appraisal performed on behalf of 21st Mortgage. He stated he has approximately fifteen years of experience in appraising mobile homes, and prior to becoming an appraiser, he was a marketing manager for a bank that financed mobile homes. He indicated he was board-certified to perform appraisals on mobile and modular homes and that every three years he has to

pass a test to be re-certified. He estimated he has performed about two to four mobile home appraisals per week for fifteen years. In addition, he testified he is certified to do Federal Housing Administration appraisals of mobile homes. He also stated he was qualified as an expert in the field of mobile home valuation in one previous case before another court. The Court admitted Mr. Matistic as an expert in valuing manufactured and modular homes without objection by Debtor.

Mr. Matistic placed the depreciated replacement value of the mobile home at $15,068.50. He had access to the inside and outside of the mobile home and spoke with Debtor during the appraisal. He added $3,398 for accessories to reach a cost approach value of $18,466.50. These accessories include items such as the steps and deck. To this figure, he added $5,755 for repairs that should have been completed to obtain an estimated market value of $24,200. As a result, the $24,200 is the estimated value if certain repairs are completed. Therefore, the actual cost approach value of the mobile home and its current worth, according to Mr. Matistic, is $18,466.50. Debtor's attorney stated at the hearing during her cross-examination of Mr. Matistic that while she would like to believe the number is a little less, she was willing to concede the $15,068.50 figure is close enough. Also during the cross-examination of Mr. Matistic, some uncertainty was expressed about whether the $3,398 in accessories he added to the $15,068.50 were included with the home and subject to 21st Mortgage's lien or added by Debtor after the purchase. He stated the accessories amount would be affected by whether the accessories were included with the purchase or added by Debtor later. Separately, Mr. Matistic testified that his appraisal relied upon an insulation certification affixed to the mobile home and that he did not independently check the insulation which Debtor claims is missing or damaged.

After careful consideration, the Court sustains the objection of 21st Mortgage to confirmation of Debtor's proposed plan. The Court sets the value of 21st Mortgage's secured interest in the 1997 Fleetwood Chadwick mobile home at $15,068.50. This valuation is based on (1) Mr. Matistic's status as an expert in mobile home appraisals; (2) Debtor's lack of experience in mobile home appraisals; (3) the lack of an appearance at the hearing by an appraiser to support Debtor's opinion on valuation; (4) the concession by Debtor's attorney during Mr. Matistic's testimony that the $15,068.50 figure is close enough; and (5) the uncertainty elicited during Mr. Matistic's testimony about whether the $3,398 in accessories should be included in the valuation of 21st Mortgage's interest. Debtor shall have ten (10) days from the entry date of this Order to file an amended plan with $15,068.50 listed as the value of 21st Mortgage's secured interest in the mobile home. Failure to file an amended plan within this time period may result in the dismissal of this case. As there were no other objections to confirmation, the amended plan may be confirmed on recommendation of the Chapter 13 Trustee without further hearing or may, upon request of the Trustee, be considered at a confirmation hearing to be scheduled at a later date.

AND IT IS SO ORDERED.